1

2

3

4

5          **IN THE UNITED STATES DISTRICT COURT**

6          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

7

8    HUNG DUONG NGUON,                    No. CIV S-10-0054-CMK-P

9                   Petitioner,

10        vs.                             <u>ORDER</u>

11   KATHELEEN L. DICKINSON,

12                  Respondent.

13   _____/

14          Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

15   habeas corpus pursuant to 28 U.S.C. § 2254.   Plaintiff has consented to Magistrate Judge

16   jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the

17   action.   Pursuant to the court's prior order, petitioner has now resolved his fee status.   Pending

18   before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

19          On January 25, 2011, the court directed petitioner to show cause in writing why

20   this petition should not be summarily dismissed for failing to challenge the legality of his

21   custody.   The undersigned stated:

22                 Rule 4 of the Federal Rules Governing Section 2254 Cases
             provides for summary dismissal of a habeas petition "[i]f it plainly
23           appears from the face of the petition and any exhibits annexed to it
             that the petitioner is not entitled to relief in the district court."  The
24           court can only entertain a petition for writ of habeas corpus under
             28 U.S.C. § 2254 on the ground that a state prisoner is in custody
25           in violation of state law.  Petitioner does not challenge his custody.
             Rather, petitioner is challenging a decision to screen out an inmate
26           602 appeal, thus allegedly denying him access to the courts.

                                            1

1  The undersigned further stated:

2              However, such a claim does not challenge the legality of
   petitioner's custody.  When a state prisoner challenges the legality
3  of his custody – either the fact of confinement or the duration of
   confinement – and the relief he seeks is a determination that he is
4  entitled to an earlier or immediate release, such a challenge is
   cognizable in a petition for a writ of habeas corpus under 28 U.S.C.
5  § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see
   also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble
6  v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per
   curiam).  Where a prisoner challenges the conditions of
7  confinement, as opposed to the fact or duration of confinement, his
   remedy lies in a civil rights action under 42 U.S.C. § 1983.  See
8  Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).  Thus, 28
   U.S.C. § 2254 cannot be used to challenge the conditions of
9  confinement, and 42 U.S.C. § 1983 cannot be used to challenge the
   fact or duration of confinement.

10

11         In response to the above, petitioner argues that his inmate grievances that were

12  screened out did challenge the length of his confinement in that he was challenging the loss of

13  credits among other challenges.  However, petitioner is not directly challenging the loss of good

14  time credit in the instant action.  Rather, he is challenging the treatment of his inmate grievances

15  and the denial thereof to the extent he was denied access to the court.  As set forth previously,

16  such a claim would properly be brought under 42 U.S.C. § 1983, not as a habeas case.

17         Because petitioner does not raise any cognizable habeas claims in this case, it will

18  be summarily dismissed under Rule 4 of the Federal Rules Governing Section 2254 Cases.

19         In his response, petitioner also requests the appointment of counsel.  There

20  currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius

21  v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the

22  appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule

23  8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the

24  interests of justice would be served by the appointment of counsel.

25         Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the

26  court has considered whether to issue a certificate of appealability.  Before petitioner can appeal

1   this decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c); Fed. R. App. P.

2   22(b).  Where the petition is denied on the merits, a certificate of appealability may issue under

3   28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

4   constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of

5   appealability indicating which issues satisfy the required showing or must state the reasons why

6   such a certificate should not issue.  See Fed. R. App. P. 22(b).  Where the petition is dismissed

7   on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1)

8   'that jurists of reason would find it debatable whether the district court was correct in its

9   procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition

10  states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775,

11  780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000)).

12  For the reasons set forth in the court's January 25, 2011, order to show cause and herein, the

13  court finds that issuance of a certificate of appealability is not warranted in this case.

14                      Accordingly, IT IS HEREBY ORDERED that:

15                      1.      Petitioner's petition for a writ of habeas corpus (Doc. 1) is summarily

16  dismissed;

17                      2.      Petitioner's request for the appointment of counsel (Doc. 12) is denied;

18                      3.      The court declines to issue a certificate of appealability; and

19                      4.      The Clerk of the Court is directed to enter judgment and close this file.

20

21  DATED:  May 23, 2011

22

23                                                      CRAIG M. KELLISON
                                                        UNITED STATES MAGISTRATE JUDGE
24

25

26